.

NUMBER 13-12-00386-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

CALVIN LOUIS GREEN, 
Appellant,

v.

THE STATE OF TEXAS, 
Appellee.

---

On appeal from the 24th District Court
of DeWitt County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion Per Curiam**

Appellant, CALVIN LOUIS GREEN, filed a notice of appeal with this Court from his conviction in trial court cause number 11-09-11,518. The trial court has certified that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

On June 12, 2012, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.

On July 27, 2012, counsel filed a "Motion for Right of Appeal" with this Court contending that fundamental error occurred during the bench trial on punishment because a line of questioning by State's counsel "amounts to an impermissible comment on appellant's choice to exercise his right to remain silent or his federal Fifth Amendment right against self-incrimination." Counsel points to two instances in the record in support of this argument. In the first instance, appellant asserted that the officers did not believe him so he "pleaded the fifth," then in the second instance, the State's counsel asked appellant, "[n]ow you had officers talk to you on at least two different occasions, did they not?"

The Court, having examined and fully considered the record before the Court and counsel's motion for right of appeal, concludes that appellant has not established: (1) that the certification currently on file with this Court is incorrect, or (2) that appellant otherwise has a right to appeal. The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. *See* TEX. R. APP. P. 25.2(d), 37.1, 44.3, 44.4. Accordingly, we DENY appellant's motion for right of appeal. This appeal is DISMISSED.

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of August, 2012.